UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 15 2010 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA,

- against –

BYRON FRANCIS

Defendant.

09-CR-147

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On May 29, 2009, Byron Francis pled guilty to count one of a two-count indictment which charged that on February 19, 2009, the defendant imported cocaine in the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(2)(B).

Mr. Francis was sentenced on February 18, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be 1, yielding a guidelines range of imprisonment of between 24 and 30 months. The offense carried a maximum term of imprisonment of 40 years and a statutory minimum of 5 years imprisonment. 21 U.S.C. § 960(b)(2)(B). The defendant satisfied the "safety valve". *See* 18 U.S.C. § 3553(f). The statutory minimum is inapplicable. The guidelines range of fine was from $5,000 to $2,000,000. The underlying charge in the indictment was dismissed.

Byron Francis was sentenced to one year and one day in prison and 3 years' supervised release. A special assessment of $100 was imposed. No fines were imposed because the defendant does not, and is unlikely in the future to have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker* given the nature and special circumstances of the case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). While the offense is a serious one, the defendant has accepted responsibility for his actions and poor judgment. He has a wife

and young child that depend on him, and his actions were a result of a poorly exercised attempt to support them. A sentence of one year and one day in prison reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in importation of cocaine will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his remorse, and the pain of not being able to experience the initial growth of his seven-month old child.

Jack B. Weinstein
Senior United States District Judge

Dated: February 19, 2010
       Brooklyn, New York